**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated,<br><br>        Plaintiff,<br><br>v.<br><br>Eleazar Ayala Alvarez,<br><br>        Defendant. | No. CV-23-01924-PHX-DJH<br><br>**ORDER** |

Plaintiff, Joe Hand Promotions, Inc. ("Plaintiff"), has filed a Motion for Default Judgment. (Doc. 18). Defendant, Eleazar Ayala Alvarez, individually, and doing business as ("d/b/a") Cayomango ("Defendant"), failed to answer or otherwise defend (*Id.* at 2) after receiving proper service and Default being entered (Docs. 11; 16). For the reasons set forth below, Plaintiff's Motion for Default Judgment is granted.

**I.    Background**

Plaintiff filed suit for statutory damages under the Federal Communications Act of 1934, 47 U.S.C. §§ 553 and 605, on September 14, 2023. (*Id.* at ¶ 4). Defendant was served on November 11, 2023. (Doc. 11). Because Defendant failed to answer, appear, or otherwise respond (Doc. 18 at 2), Plaintiff applied for Entry of Default on February 20, 2024 (Doc. 15). The Clerk of the Court entered Default against Defendant on February 21, 2024. (Doc. 16). On February 18, 2025, Plaintiff filed the present Motion (Doc. 18) and served a copy of the Motion on the Defendant by First Class US Mail (*Id.* at 3).

According to the Complaint, Plaintiff is a Pennsylvania corporation who

domestically distributes and licenses premier sporting events to various commercial businesses. (Doc. 1 at ¶¶ 1, 7). Through an agreement with DAZN Limited, Plaintiff held exclusive distribution rights to the *Canelo Álvarez vs. Gennady Golovkin III* broadcast ("Program") televised on September 17, 2022. (Docs. 1 at ¶ 1; 18-3). Joe Hand subsequently entered into fee agreements with Arizona based commercial businesses, authorizing them to display the Program at their establishments. (Doc. 1 at ¶ 9).

The Complaint alleges that Defendant did not enter into a fee agreement with Plaintiff and, therefore, unlawfully presented the Program at Defendant's commercial establishment, Cayomango, located in Mesa, Arizona. (*Id.* at ¶¶ 2, 10–11). More specifically, Plaintiff alleges that Defendant "willfully intercepted or received the interstate communications of the Program or assisted in such actions." (*Id.* at ¶ 11). It is further alleged that Defendant's wrongful conduct was motivated by an intent to obtain a "commercial advantage and . . . financial gain." (*Id.* at ¶ 13).

In attempts to prevent unlawful conduct, Plaintiff employs third-party auditors to investigate various businesses and report unauthorized Program distribution. (Doc. 18-1 at 4). Plaintiff's allegations are supported by the affidavit of an auditor who visited Cayomango on the night of the Program. (Doc. 18-5 at 1). According to Plaintiff's auditor, Amanda Hidalgo ("Hidalgo"), the Program was displayed on two televisions within the establishment to roughly fifty-nine to sixty-one patrons, based on two separate head counts. *Id.* Hidalgo observed the DAZN Limited logo displayed on the screen while the Program aired. *Id.* Hidalgo did not pay a cover charge upon entrance into the establishment. *Id.* Hidalgo estimated the establishment's capacity to accommodate approximately 100 patrons. *Id.*

Defendant is alleged to have violated § 605 or, alternatively, § 553. (Doc. 1 at ¶¶ 16–17). Plaintiff seeks statutory damages up to $110,000.00[1] for each willful

---

[1] Plaintiff's Complaint requested up to the maximum amount under § 605, which includes both the maximum statutory amount of $10,000.00 and the maximum enhanced damages amount of $100,000.00. (Doc. 1 at 5; § 605).

violation under § 605 or, alternatively, for statutory damages up to $60,000.00[2] for each willful violation under § 553. (*Id.* at 5). Attorneys' fees, interest, and costs incurred under § 605 or, alternatively, under § 553, were also requested. *Id.* However, Plaintiff's Motion for Default Judgment elects to recover solely under § 605.   (Doc. 18-1 at 7). Specifically, Plaintiff seeks statutory damages of $10,000.00 under § 605(e)(3)(C)(i)(II), as well as $20,000.00 in enhanced damages under § 605(e)(3)(C)(ii). (*Id.* at 16). In addition to damages, Plaintiff seeks recovery from costs and coverage of attorneys' fees under § 605(e)(3)(B)(iii). (*Id.*; Doc. 18-6 at ¶ 9).

## II.    Jurisdiction

Plaintiff's Complaint invokes a federal cause of action under the Communications Act of 1934, so this Court has subject matter jurisdiction. Additionally, Plaintiff alleges Defendant is an Arizona resident and Defendant's conduct occurred within the State of Arizona. (*Id.* at ¶¶ 2–3). Thus, this Court has personal jurisdiction over the Defendant.

## III.   Legal Standard

Since proper default has been entered under Fed. R. Civ. P. 55(a), the defaulting party is deemed to have admitted all factual allegations within the complaint, except those relating to damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Fed. R. Civ. P. 55(b)(2) governs the entry of default judgment, and courts have discretionary power to grant, or deny, the Plaintiff's motion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretionary power, courts consider the following *Eitel* factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the claims; (3) the complaint's sufficiency; (4) the amount of money at stake; (5) the possibility of a dispute regarding material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

///

---

[2] Plaintiff's Complaint requested up to the maximum amount under § 553, which includes both the maximum statutory amount of $10,000.00 and the maximum enhanced damages amount of $50,000.00. (Doc. 1 at 5; § 553).

### IV. Analysis–The *Eitel* Factors

#### A. Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of granting the Plaintiff's Motion. Because Defendant has failed to respond, Plaintiff would have no alternative means to resolve the present action, but for the entry of default judgment. (Doc. 18 at 2). *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Therefore, Plaintiff will be prejudiced if the case remains pending. So, the first *Eitel* factor supports granting Plaintiff's Motion for Default Judgment.

#### B. Merits of the Claims and Sufficiency of the Complaint

Factors two and three support the entry of default judgment. When analyzing the *Eitel* factors, the "merits of plaintiff's substantive claims and the sufficiency of the complaint" are commonly analyzed concurrently. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). If the complaint states a claim upon which the plaintiff may recover, the factors weigh in favor of default judgment. *Id.*; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Under § 605(a), no unauthorized individual "shall intercept any radio communication and . . . publish" said communication to another. 47 U.S.C. § 605(a). Additionally, an unentitled individual shall not "receive or assist in receiving" any communication and subsequently use the communication "for his own benefit or for the benefit of another [unentitled individual]." *Id.*

Here, Plaintiff alleges a violation of § 605, claiming that Defendant did not contract with Plaintiff to exhibit the Program. (Doc. 1 at ¶ 10). Plaintiff also alleges that Defendant willfully obtained and unlawfully published the Program to guests of Cayomango for "commercial advantage and . . . financial gain," thereby infringing on Plaintiff's exclusive distribution rights. (Doc. 1 at ¶ 11, 13). Moreover, Plaintiff's allegations are substantiated by an auditor's affidavit (Doc. 18-5) and signed documentation demonstrating Plaintiff's exclusive distribution rights to the Program (Doc. 18-3).

Thus, Plaintiff has sufficiently established exclusive distribution rights and has demonstrated that Defendant exhibited the Program without prior authorization.

1  Therefore, Plaintiff has sufficiently pled a claim for violation of § 605 and has stated a
2  plausible claim for relief.  *See* § 605(e)(3)(A) (stating that unauthorized interception and
3  subsequent use of radio communication for personal gain permits an aggrieved party to
4  bring a civil action filed in a United States District Court). The second and third factors
5  weigh in favor default judgment.

### C. Amount of Money at Stake

The fourth *Eitel* factor supports default judgment. When evaluating this factor, courts consider the amount of money concerned in relation to the seriousness of the defendant's alleged conduct. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. The monetary amount concerned must be proportionate, otherwise default judgment is disfavored. *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). Although Plaintiff alleges Defendant is liable under both §§ 553 and 605, an aggrieved party may only recover damages under one section. *Kingvision Pay-Per-View Corp., LTD. v. Wright*, 2006 WL 4756450 at *2 (M.D. Fla. Oct. 27, 2006).

Plaintiff elects to recover damages solely under § 605. (Doc. 18-1 at 7).  For each violation, § 605 allows an award of statutory damages between $1,000.00 and $10,000.00. § 605(e)(3)(C)(i)(II).  If such violations are found to be committed "willfully and for . . . commercial advantage or private financial gain," the statute allows for an award of enhanced damages up to $100,000.00. *Id.* § 605(e)(3)(C)(ii). Additionally, courts shall award the prevailing party recovery of full costs, including "reasonable" attorneys' fees associated with the action. *Id.* § 605(e)(3)(B)(iii).

Here, Plaintiff requests $10,000.00 in statutory damages and $20,000.00 in enhanced damages under § 605. (Doc. 18-1 at 8). Additionally, Plaintiff seeks recovery of $537.00 for costs incurred during this action. (*Id.* at 16; Doc. 18–6 at ¶ 9). Finally, Plaintiff requests leave to submit attorneys' fees. (Doc. 18-6 at ¶ 8).

Plaintiff's Motion for Default Judgment states compelling arguments in support of damages sought. Additionally, Plaintiff declares that the Program "cannot be mistakenly, innocently, or accidentally intercepted," indicating Defendant willfully and unlawfully

displayed the Program. (Doc. 18-2 at ¶¶ 15, 19). The Motion also included an auditor's affidavit, in which the auditor attests to appearing at Defendant's establishment on the date of the Program exhibition. (Doc. 18-5 at 1). The auditor observed the Program being broadcasted on two televisions and estimated that approximately fifty-nine to sixty-one patrons were in attendance. *Id.* Because Defendant lacked authorization, Defendant immediately profited $2,150.00—the amount it would have cost to sublicense the Program. (Doc. 18-1 at 15). Moreover, Defendant arguably received increased profits from patron sales during the broadcasting of the Program. *Id.* Therefore, Defendant obtained a commercial advantage and financial gain. *Id.*

At first glance, the total amount at stake may appear disproportionate, as the sublicensing fee would have cost Defendant $2,150.00. However, the requested $10,000.00 in statutory damages, $20,000.00[3] in enhanced damages, $537.00 in filing and services fees, and the request to submit attorneys' fees all fall within the statutory limits of § 605(e). *See* § 605(e) (stating that prevailing parties may recover statutory damages up to $10,000.00 per violation, enhanced damages up to $100,000.00 per violation, costs, and attorneys' fees). In addition, Plaintiff's Memorandum of Points and Authorities cites to several recent cases in this District court that have been awarded identical statutory damages for § 605 violations.[4] (Doc. 18-1 at 8–9). Therefore, this factor supports an entry of default judgment against the Defendant.

/ / /

/ / /

---

[3] Despite Plaintiff's request of $20,000.00 in enhanced damages, the Court is awarding a reduced amount of $15,000.00. *See infra* Section V.

[4] *See Joe Hand Promotions Inc. v. Picklou LLC et al*, 4:23-cv-00111-JAS, ECF No. 12 (D. Ariz. Feb. 14, 2025) (awarding $10,000.00 in statutory damages and $20,000.00 in enhanced damages); *G & G Closed Circuit Events, LLC v. Ayala*, 2023 WL 4269637, at *5 (D. Ariz. June 29, 2023) (awarding $10,000.00 in statutory damages and $20,000.00 in enhanced damages); *Joe Hand Promotions Inc. v. Alhamedany*, 2019 WL 4394885 (D. Ariz. Aug. 23, 2019), report and recommendation adopted, 2019 WL 4394533 (D. Ariz. Sept. 13, 2019) (awarding $10,000.00 in statutory damages and $20,000.00 in enhanced damages); *Joe Hand Promotions Inc. v. La Salsita LLC, et al.*, 2:19-cv-00379-GMS, ECF No. 25 (D. Ariz. Aug. 29, 2019) (awarding $10,000.00 in statutory damages and $20,000.00 in enhanced damages).

### D. Potential Dispute Concerning Material Facts

The fifth *Eitel* factor supports the entry of default judgment. Upon the entry of default, factual allegations within the Complaint—except those relating to damages—are deemed true. *Geddes*, 559 F.2d at 560 (9th Cir. 1977). Because Defendant has failed to respond to the Plaintiff's Complaint, Motion for Default, and Motion for Default Judgment, there is no dispute of material facts. Accordingly, this factor weighs in favor of the entry of default judgment.

### E. Excusable Neglect

The sixth factor supports the entry of default judgment as there is no evidence indicating Defendant's Default was due to excusable neglect. Defendant was served with the Summons and Complaint on November 11, 2023. (Doc. 11). Corresponding copies were also mailed to Defendant's last known address. *Id.* Additionally, Defendant was served by First Class US Mail, on February 18, 2025, with a copy of Plaintiff's Motion for Default Judgment. (Doc. 18 at 3). In support, Plaintiff's counsel asserted that "[n]either Defendant [] nor anyone claiming to represent [the Defendant]" has appeared in this action. (Doc. 15 at 1–2). Because Defendant has failed to appear or otherwise respond to the current action, it is unlikely that Defendant's Default was due to excusable neglect. *See J & J Sports Productions, Inc. v. Arvizu*, 2018 WL 905139, at *3 (D. Ariz. Feb. 15, 2018) (stating that defendants' failure to respond and the subsequent default was "unlikely" due to excusable neglect). Accordingly, this factor supports default judgment.

### F. Policy Favoring a Decision on the Merits

The final *Eitel* factor weighs in favor of the entry of default judgment. Whenever feasible, cases should be decided on their merits. *Eitel*, 782 F.2d at 1472. However, the mere existence of Fed. R. Civ. P. 55(b) indicates that the preference of deciding cases on the merits is not absolute. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Moreover, Defendant's failure to respond or otherwise appear deems a decision on the merits impracticable, if not unachievable. *See e.g.*, *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 (finding a decision on the merits was "likely impossible" where defendant failed to comply with the judicial process).

Thus, this factor supports entry of default judgment.

## V. Damages

In the context of default judgment, where actual damages are difficult to substantiate, statutory damages are appropriate. *Lauratex Textile Corp. v. Allton Knitting Mills Inc.*, 519 F. Supp. 730, 732 (S.D.N.Y. 1981); *Evony, LLC v. Holland*, 2011 WL 1230405 at *3 (W.D. Pa. Mar. 31, 2011). Despite the lack of evidence of repeated violations, no evidence that Defendant advertised the Program, and no evidence that Defendant charged an entrance fee or increased food and beverage costs, this Court remains cognizant of enhanced damages serving as a deterrent. Additionally, Plaintiff has established extensive harm caused by Defendant's conduct and demonstrated a need for a damages award to function as a necessary deterrent. (*Id.* at 11–12). Thus, this Court is inclined to award the Plaintiff $10,000.00 in statutory damages, along with enhanced damages in the reduced amount of $15,000.00.[5] While Plaintiff cites recent cases with damage awards consistent with their requests, the referenced cases involved different facts, including varying patron capacities, additional televisions screening the program, and published promotional advertisements. *See supra* Section IV.C, fn.4.

## VI. Conclusion

In conclusion, the *Eitel* analysis strongly supports granting Plaintiff's Motion for Default Judgment. *See Eitel*, 782 F.2d at 1471–72 (explaining the factors courts consider regarding entry of default judgment).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Default Judgment (Doc. 18) is granted. Judgment shall be entered against Defendant, Eleazar Ayala Alvarez, individually, and d/b/a Cayomango, in the amount of $25,000.00 under § 605.

**IT IS FURTHER ORDERED** that Plaintiff shall recover costs in the amount of

---

[5] However, had Plaintiff requested excessively higher damages, the Court would apply more scrutiny as it is aware of the Plaintiff's reoccurring suits. *See Joe Hand Promotions, Inc. v. Streshly*, 655 F. Supp. 2d 1136, 1139 (S.D. Cal. 2009) (stating that the court would not cater to Plaintiff's attempt to receive the largest conceivable award by filing "cookie-cutter pleadings").

$537.00 under § 605(e)(3)(B)(iii).

**IT IS FURTHER ORDERED** that Plaintiff may submit a request for attorneys' fees within fourteen days of the entry of this Order.

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 18th day of June, 2025.

Honorable Diane J. Humetewa
United States District Judge