**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated, | No. CV-23-01924-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Eleazar Ayala Alvarez, | |
| Defendant. | |

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s ("Joe Hand") Motion for Attorneys fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii) seeking $2,730.00. (Doc. 21). The Court will grant the Motion for the reasons stated below.

## I.     Background

Joe Hand holds exclusive distribution rights to the Canelo Alvarez vs. Gennady Golovkin III broadcast ("Program"). (Doc. 1 at ¶ 1). According to Joe Hand, Eleazar Ayala Alvarez, individually, and doing business as ("d/b/a") Cayomango ("Defendant") streamed the Program without first entering into a fee agreement. (*Id.* at ¶¶ 2, 10–11). By doing this, Joe Hand alleged that Defendant violated the Federal Communications Act of 1934, 47 U.S.C. §§ 553 and 605. (*Id.* at ¶ 4). After Defendant failed to respond, Joe Hand filed a Motion for Default Judgment. (Doc. 18). In the Default Judgment Motion, Joe Hand sought statutory damages under § 605 or, alternatively, § 553 of the Federal Communications Act. (*Id.* at 2–3). The Court granted the Default Judgment against Defendant and ordered Defendant to pay $25,000 in damages under § 605 and $537.00 in

costs under § 605(e)(3)(B)(iii).

**II.    Legal Standard**

Before awarding attorneys fees the Court must engage in a two-step process. First, the Court must determine if the party requesting the fees is eligible for and entitled to attorneys fees under LRCiv54(c). Then, the Court must determine if the fees are reasonable. *Id.*; *Heredia v. IPVision Inc.*, 2024 WL 3951980, at \*2 (D. Ariz. Aug. 27, 2024). Aggrieved parties prevailing under § 605 are entitled to the recovery of "full costs" and "reasonable attorneys' fees" under § 605(e)(3)(B)(iii). Parties prevailing on default judgment are still prevailing parties for the purposes of awarding attorneys' fees. *See, e.g.*, *G & G Closed Circuit Events, LLC v. Garcia*, 2020 WL 5535758 (D. Ariz. Sept. 15, 2020). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This calculation is known as the "lodestar method" and it provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Id.* The party requesting the fees must submit evidence supporting the reasonableness of the hours worked and the rates claimed. *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* The Court may adjust the lodestar amount based on the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975*); see also* LRCiv. 54.2(c)(3).

**III.    Discussion**

Because Joe Hand prevailed on its claims, Joe Hand is eligible for and entitled to

"the recovery of full costs, including awarding reasonable attorney's fees" under 47 U.S.C. § 605(e)(3)(B)(iii). Joe Hand requests $2,730.00 in attorneys fees. (Doc. 21 at 2). The Court will examine the relevant *Kerr* factors to determine whether this amount should be adjusted. *Coe*, 2022 WL 508841, at *1; LRCiv. 54.2(c)(3).

**A.    Time and Labor Required**

"Under the lodestar method, the prevailing party is generally entitled to recover fees for 'every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest.' " *Romero v. Steel Roots LLC*, 2024 WL 2389353, at *2 (D. Ariz. May 23, 2024) (quoting *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019)). The Court excludes attorneys' fees for clerical and administrative tasks. *See Gary*, 398 F. Supp. 3d at 487.

Attached to Joe Hand's Motion is an itemized list detailing the services provided by counsel. (Doc. 21-2 at 2, Ex. A, Itemized List of Services). None of the services listed are clerical or administrative. The Court finds that 9.1 hours is reasonable amount of time spent on this case and this factor favors the requested lodestar amount for attorneys fees.

**B.    Customary Fee**

The customary fee in telecommunication piracy actions is "commensurate with the prevailing market rate of the relevant community." *G&G Closed Cir. Events v. Diaz*, 2025 WL 663177, at *4 (D. Ariz. Jan. 24, 2025) (internal quotations omitted) (citing *Gary*, 398 F. Supp. 3d at 485).

Joe Hand claims that the average hourly rate for attorneys with similar experience in Arizona is $340.00 an hour. (Doc. 21 at 2) (citing Carol Rose, *Arizona Lawyers Report on Economics of Practice*, 59 Ariz. Attn'y 4 (2022)). By contrast, Joe hand requests a lower rate of $300.00 an hour. (*Id.*) The Court finds that the rate is reasonable and in line with customary fees for someone with Joe Hand's counsel's experience.

**C.    Amount Involved and Results Obtained**

While the amount obtained in damages does not necessarily limit the amount awarded in attorneys fees, Joe Hand did successfully prevail in its claims and receive

$25,000 in damages and $537.00 in costs.  (Doc. 19 at 8–9). This factor supports the requested lodestar amount in attorneys fees.

**D.      Experience of the Attorney**

Counsel's declaration states that he has fourteen years of experience litigating federal piracy claims. (Doc. 21-1 at 1).  This factor supports the requested lodestar amount as it is commensurate with counsel being knowledgably and experience in his practice area. *See Diaz*, 2025 WL 663177, at *5 (finding in a similar situation that this factor "does not warrant adjustment to the lodestar").

**E.      Awards in Similar Cases**

The requested fee award of $2,730.00 in attorneys fees is in accord with the awarded amounts in similar cases. *See, e.g.*, *Joe Hand Promotions Inc. v. Taco Spot III LLC*, 2025 WL 1615473, at *2 (D. Ariz. June 6, 2025) (finding $3,210.00 to be reasonable); *G&G Closed Cir. Events LLC*, 2025 WL 663177, at *5 (D. Ariz. Jan. 24, 2025), *report and recommendation adopted*, 2025 WL 662016 (D. Ariz. Feb. 28, 2025)(citing similar cases where $4,489.00, $5,477.00, and $2,880.10 were reasonable fees); *Joe Hand Promotions Inc. v. La Casa De Las Flores Gourmet Kitchen LLC*, 2025 WL 1836321, at *2 (D. Ariz. July 3, 2025) (awarding $2,550.00 after finding it to be reasonable).

**F.      Remaining *Kerr* factors**

Joe Hand's Motion does not discuss the remaining *Kerr* factors. The remaining Kerr factors are novelty or difficulty of litigating the case, the requisite skill required to litigate the case, the preclusion of other employment, time limitations, undesirability of taking on the case, and nature and length of counsel's relationship with the client. However, the Court understands that even if it had this information, that would not result in an adjustment to the lodestar amount. *See Joe Hand Promotions Inc*, 2025 WL 1615473, at *2; *see also Gary*, 398 F. Supp. 3d at 491 (finding that even if there were discussion of certain factors, they "do not justify any change to the fee award"). Based on the Court's analysis above, the Court finds that the *Kerr* factors support the requested fees amount.

Accordingly,

**IT IS ORDERED** that Plaintiff Joe Hand Promotions, Inc.'s Motion for Attorneys Fees and Costs (Doc. 21) is **granted** for a total fee award of $2,730.00.

Dated this 23rd day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge